UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSALYN ANGELA WINDHAM EL,<br><br>Plaintiff,<br><br>v.<br><br>JUAN RENJIE, et. al.,<br><br>Defendants. | No. 2:25-cv-1500-DJC-CKD PS<br><br><br><br>ORDER |

This action was referred to the undersigned pursuant to Local Rule 302(c)(21). See 28 U.S.C. § 636(b)(1). Plaintiff filed an application in support of her request to proceed in forma pauperis. (ECF No. 2.) Plaintiff's application makes the showing required by 28 U.S.C. § 1915, however the application is not signed by the plaintiff. See Local Rule 131(b). Accordingly, plaintiff's application is denied without prejudice subject to refiling with plaintiff's signature. Plaintiff's pro se complaint filed on May 29, 2025, is now before the Court for screening. (ECF No. 1.)

**I.     Screening Requirement**

Pursuant to 28 U.S.C. § 1915(e), the court must screen every in forma pauperis proceeding, and must order dismissal of the case if it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is

1

immune from such relief." 28 U.S.C. § 1915(e)(2)(B); Lopez v. Smith, 203 F.3d 1122, 1126-27 (9th Cir. 2000). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court accepts as true the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, and construes those allegations in the light most favorable to the plaintiff. See id. at 327; Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute as stated in Lopez, 203 F.3d 1122 (en banc).

**II.    Allegations in the Complaint**

Plaintiff's claims are unclear and difficult to follow. It appears that plaintiff is seeking "equitable ejectment" of "all squatter persons, principle, agents, heirs, and assign" named on a grant deed from a parcel of land in Davis, California. (ECF No. 1 at 8.) Plaintiff lists defendants Juan Renjie and Liu Yuying in her complaint. (Id. at 3-4.) Plaintiff lists Article I, Section 10, Clause 1 of the United States Constitution as her basis for federal question jurisdiction. (Id. at 3.) Plaintiff states that she a "Moorish American National" and is the "ancient heir to and on the

2

land." (Id. at 8.) Plaintiff states that "we the people, recognize the homeless crisis as an extreme manmade disaster." (Id.) She states that "[w]e are exercising Our Authority through our Fee Simple Absolute for The State of Emergency to identify vacant and underused domiciles which may need clean up or heavy remodel for a one time permanent placement for the low income and underserved nationals and residents." (Id.) Plaintiff also alleges that "Moorish Americans 'Blacks,' or 'African-Americans,' are the primary beneficiary of an extremely extensive fee simple estate" which was conveyed by the trustor, "Prophet Nobel Drew Ali." (Id. at 13.) Plaintiff alleges that the "land, or fee simple estate" was conveyed to "us in the private express trust" and that the "deed of conveyance . . . comprises the entire continental United States", and she is the "duly appointed trustee." (Id. at 14.)

### III. Discussion

#### A. Lack of Subject Matter Jurisdiction

Federal courts are courts of limited jurisdiction. Kokkonen v. Guardian Life Insurance Co. Of America, 511 U.S. 375, 377 (1994). A federal district court generally has original jurisdiction over a civil action when: (1) a federal question is presented in an action "arising under the Constitution, laws, or treaties of the United States" or (2) there is complete diversity of citizenship and the amount in controversy exceeds $75,000. See 28 U.S.C. §§ 1331, 1332(a).

The presumption is against jurisdiction and "the burden of establishing the contrary rests upon the party asserting jurisdiction." Vacek v. U.S. Postal Serv., 447 F.3d 1248, 1250 (9th Cir. 2006) (citing Kokkonen, 511 U.S. at 377). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); see Franklin v. State of Or., State Welfare Div., 662 F.2d 1337, 1342 (9th Cir. 1981) (court may dismiss an action sua sponte for lack of jurisdiction).

Plaintiff has not established the Court's subject matter jurisdiction. (See ECF No. 1.) The only federal law plaintiff lists in the complaint is a reference to Article I, Section 10, Clause 1 of the United States Constitution and Public Law 97-280. (Id. at 3, 8.) However, the complaint does not adequately present any federal question. Plaintiff does not describe how either of these laws relate to her complaint or provide facts demonstrating that her claims are valid under federal law.

1 | Plaintiff's main allegations seem to relate to ejectment from a parcel of land, but she has not
2 | described how these allegations violate federal law.
3 |     Further, the complaint does not allege that there is diversity of citizenship between the
4 | parties where plaintiff lists both defendants as having an address in Davis, California. (ECF No. 1
5 | at 2.) Therefore, the Court lacks subject matter jurisdiction.

### B. Failure to Comply with Federal Rule of Civil Procedure 8

Plaintiff's complaint does not contain a short and plaint statement of a claim as required by Federal Rule of Civil Procedure 8. In order to give fair notice of the claims and the grounds on which they rest, a plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Plaintiff states that she is seeking "equitable ejectment" of individuals from a parcel of land in Davis, California (ECF No. 1 at 8) but does not adequately allege that she owns the land or that individuals are wrongfully on the land. Other than naming the two defendants on the complaint, it does not appear that any of the allegations actually relate to either defendant. Plaintiff has not alleged sufficient facts to show that either defendant violated her rights, and has failed to state a claim. Although the Federal Rules adopt a flexible pleading policy, even a pro se litigant's complaint must give fair notice and state the elements of a claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).

Plaintiff's complaint is subject to dismissal. See McHenry v. Renne, 84 F.3d 1172, 1178-80 (9th Cir. 1996) (affirming dismissal of complaint where "one cannot determine from the complaint who is being sued, for what relief, and on what theory, with enough detail to guide discovery").

### III. Plain Language Summary for a Pro Se Party

The following information is meant to explain this order in plain English and is not intended as legal advice.

Your complaint is being dismissed because it fails to state a claim. However, you are being given the chance to fix the problems identified in this order by filing an amended

complaint. If you wish to file an amended complaint you must clearly explain what happened, why the court has jurisdiction over your complaint, and what remedy you are seeking.

### IV. Conclusion and Order

The complaint must be dismissed, but plaintiff is granted leave to file an amended complaint. See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) ("Unless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action."). An amended complaint should be titled "First Amended Complaint." Local Rule 220 requires that an amended complaint be complete by itself without reference to any prior pleading.

For the reasons set forth above, IT IS ORDERED as follows:

1. Plaintiff's request to proceed in forma pauperis (ECF No. 2) is DENIED without prejudice;
2. Plaintiff's complaint (ECF No. 1) is dismissed with leave to amend;
3. The Clerk's Office is directed to send plaintiff the civil form complaint used in this district and the in forma pauperis application; and
4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Federal Rules of Civil Procedure and the Local Rules of Practice. Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated: July 10, 2025

/s/ Carolyn K. Delaney
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

5, wind.1500.25